### J. Frank Caldwell, Plaintiff in Error, v. Hannah Sliter, Defendant in Error.

### Gen. No. 15,263.

STATUTE OF FRAUDS—*when defense applies.* A promise to pay the debt of another cannot be enforced if the defense of the Statute of Frauds be relied upon unless such promise is evidenced by a writing signed by the party to be charged therewith.

Error to the Municipal Court of Chicago; the Hon. EDWIN K. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed March 21, 1911.

JOHN W. BURDETTE, for plaintiff in error.

BYRON C. THORPE, for defendant in error; HOMER C. VAN AKEN, of counsel.

MR. JUSTICE CLARK delivered the opinion of the court.

This is a suit brought by the plaintiff in error against the defendant in error to recover for services extending over two weeks time in Michigan, alleged to have been rendered by him to the defendant, and for his expenses during that time, these items amounting to $69.45; also for the sum of $30 alleged to have been disbursed by the plaintiff in error in perfecting the title to some property in Chicago which was owned by the husband of the defendant in error in his lifetime; and for $75 alleged to have been paid by the plaintiff in error to one Kleckner, as commissions for perfecting the sale of the property; also for the sum of $62.50 claimed by the plaintiff in error to have been "due from Samuel F. Caldwell, deceased, and not filed in the Probate Court at her request and on her promise to pay it if not so filed."

Samuel F. Caldwell was in his lifetime the husband of the defendant, and a brother of plaintiff.

The defendant in error claimed an off-set of $121.24. The set-off consisted principally of money collected on account of rent due to the wards of the defendant and not to her, and to that extent was disallowed by the court. Twenty-seven dollars, however, of the amount was for money paid out by her for repairs upon the real estate held in common by the estate of which she is administratrix and the plaintiff.

The court below held that the plaintiff in error had not established his case, and that defendant in error had established her right to this sum of $27, and gave judgment for that amount in favor of the defendant in error and against the plaintiff in error.

Claims for other amounts than those heretofore referred to were made by the plaintiff in error, but they were withdrawn and they do not need to be considered.

As to the first item mentioned, defendant denied that she had asked him to come to Battle Creek, where she

was living; and further set up the Statute of Limitations of Michigan, under which the action should have been commenced within six years next after the cause of action accrued, and not afterwards.

Whether the trial judge based his conclusion upon the proposition that the preponderance of evidence was not with the plaintiff in error on this item, or upon the Statute of Limitations, does not appear. However, we have examined the record and are of the opinion that this item was properly disallowed on either ground.

The two items of $30 and $75 respectively, arose in this wise: S. F. Caldwell, husband of the defendant in error, negotiated with Kleckner for the sale of a piece of property in Chicago. After his death his widow continued the negotiations. It was found, however, that title to the property could not be given except through the Probate Court, and the plaintiff in error was made administrator of his brother's estate. At a sale of the property under order of the Probate Court, it was disposed of to the same person with whom Kleckner had been negotiating on behalf of the wife, and from whom he had received $100 on the purchase price. The amount paid, however, for the "equity" in the property was $600 instead of $900.

Without any authority from the Probate Court, so far as the record shows, plaintiff in error paid Kleckner $75 as his commissions, and Kleckner turned over to him the $100 theretofore deposited by the purchaser with him. The $30 was alleged to have been paid by the plaintiff in error for attorney's fees in perfecting the title to the real estate. It would seem to us that these items, if due at all to the plaintiff in error, should have been allowed him by the Probate Court.

It may be said in passing that the plaintiff in error was discharged as administrator by the Probate Court, and these claims were disallowed by the court in the final account.

The sale of the real estate was had on April 2, 1904, and the balance in the hands of the plaintiff in error as administrator was turned over to the administrator *de bonis non* on or after July 6, 1908, at which time the objections to the two items of $75 and $30 respectively were sustained.

The remainder of demand of plaintiff in error consists of claims which he alleges he had against his deceased brother and did not file against the estate, on the agreement of the defendant in error to pay him the amount, viz. $62.50. She denies that she ever agreed to pay him the amount. She also insists that if any such promise was made by her it was void under the Michigan Statute of Frauds, as being an agreement to pay the debt of another, which, under the statute of Michigan, as in Illinois, should be in writing. We agree with the trial judge in the disallowance of this portion of the plaintiff's demand.

We think that the evidence supports the finding of the trial judge in allowing her the off-set of $27, as heretofore stated, and the judgment in her favor for that amount.

*Judgment affirmed.*